SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CR 07-322 PA **CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8096 PA | Date | April 12, 2008 |
|---|---|---|---|

| Title | United States of America v. Hector Alberto Reyes Garcia aka Samuel Reyes-Garcia |
|---|---|

Present: The Honorable PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| C. Kevin Reddick | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs: Attorneys Present for Defendants:

None None

**Proceedings:** ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

    Hector Alberto Reyes Garcia, aka Samuel Reyes Garcia, a prisoner in federal custody proceeding pro se, brings this motion to modify his sentence pursuant to 28 U.S.C. § 2255. The court finds that the matter is appropriate for summary disposition and thereby denies the motion without further briefing.

    Reyes-Garcia, pursuant to a "fast track" plea agreement, pleaded guilty of being an alien found in the United States after deportation, in violation of 8 U.S.C. § 1326(a).[1/] Under the fast track program, defendants may enter a pre-indictment guilty plea. The program requires that the defendant waive indictment, enter a guilty plea at the first appearance before the district court pursuant to Rule 11(c)(1)(C), waive appeal of all sentencing issues, stipulate to an offense level of 8, a four level enhancement because the defendant had been deported after a felony conviction, a four level downward departure for early disposition and a two level downward departure for acceptance of responsibility, and agree not to seek any further downward adjustments or departures. The United States Probation Office prepared a presentence report calculating a criminal history category of VI based on 29 criminal history points. The district court rejected the plea agreement and defendant elected to proceed with his sentencing. The Court sentenced the defendant to 24 months of imprisonment.

    On December 12, 2007, Reyes Garcia filed this motion to modify his sentence on the grounds that his status as a deportable alien subjected him to a harsher sentence than citizens and non-deportable aliens because he was ineligible to serve the final portion of his sentence somewhere other than prison. See 18 U.S.C. § 3624(c), which provides in pertinent part:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to

---

[1/]     Section 1326(b) carries a maximum penalty of 5 or 15 years, depending on whether the defendant was convicted of an aggravated felony.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CR 07-322 PA      CIVIL MINUTES - GENERAL

| Case No. | CV 07-8096 | Date | April 12, 2008 |
|---|---|---|---|
| Title | United States of America v. Hector Alberto Reyes Garcia aka Samuel Reyes-Garcia | | |

adjust to and prepare for the prisoner's re-entry into the community.

18 U.S.C. § 3624(c). Reyes Garcia contends to deprive him of these benefits violates his constitutional rights to equal protection and due process.

A motion pursuant to 28 U.S.C. § 2255 provides for a challenge to a conviction or sentence on the ground that the district court was without jurisdiction or that its judgment violated the United States Constitution or the laws of the United States. 28 U.S.C. § 2255; Tripati v. Henman, 843 F.2d 1160, 1163 (9th Cir. 1988). Although Reyes Garcia appears to be seeking a downward departure, which is within the sentencing court's discretion but which does not implicate constitutional or jurisdictional issues with regard to his conviction or sentence, the Court liberally construes Reyes Garcia's motion as stating a colorable claim under section 2255.[2] United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984) (challenge to propriety of sentence must be brought under § 2255, while complaints about the manner of its execution are heard pursuant to § 2241; Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir. 1990) (same).

Reyes Garcia's equal protection argument misses the mark. In this case, the crime itself assumes an alien who is deportable, and sentencing necessarily involves a defendant who is a deportable alien. A defendant cannot be guilty of violating § 1326(a) unless he has previously "been denied admission, excluded, deported, or removed" from the United States, see 8 U.S.C. § 1326(a)(1), yet this is the very status that Reyes Garcia advances as grounds for his motion. All defendants found guilty of violating § 1326(a) will be deportable aliens, subject to the same sentencing constraints that apply to all other defendants found guilty of violating § 1326(a).

Even assuming there is a disparity, this Court concludes that legitimate policy interests and Congress' plenary power over alien affairs provide sufficient reason to uphold this differential treatment. Palafox-Barajas v. United States, Nos. 99-0927 R, 98-1887 R, 1999 WL 1338451, at 4 (S.D. Cal. 1999). Furthermore, to allow Reyes Garcia an early release and deportation would grant him a windfall relative to those prisoners who are United States citizens, since Reyes Garcia would be entirely free from custody while his counterparts remained in detention either at home or in a "halfway house."

For each of the foregoing reasons, the Court denies Reyes Garcia's motion to reduce his sentence.

---

[2] The Ninth Circuit "ha[s] consistently held . . . that courts should liberally construe the pleadings and efforts of pro se litigants." United States v. Ten Thousand Dollars, 860 F.2d 1511, 1513 (9th Cir. 1988); see also United States v. Johnson, 988 F.2d 941, 943 (9th Cir. 1993) (emphasizing that a mislabeled motion "is not necessarily fatal to maintaining [the prisoner's ] claims").